Dear Mr. Arnold:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of a 307-unit apartment complex owned by New Orleans Towers Affordable Housing Corporation, Inc. (Corporation), a non-profit corporation formed by the Volunteers of America (Volunteers), to purchase said complex.
It is the position of the Volunteers that the purchase was made with the intent of further servicing the poor, the handicapped, and the elderly residents of the complex (e.g., instituting programs for exercise, crafts, Bible study, etc.). Occupants of the housing units are eligible for rent subsidies provided by H.U.D. In other words, the Volunteers' mission in Housing is to provide service above and beyond that of rent subsidies.
Volunteers further represent that neither the corporation nor its Board of Directors will benefit in any way from the income derived from the corporation. Excess income will remain in the project operating account for providing services. In the event the property is sold, no profits will be distributed to any officer or director of the Corporation.
You question the tax exempt status of the Corporation's acquisition. It is my understanding from your opinion request letter that, on December 17, 1992, the Louisiana Tax Commission (Commission) approved a change order exempting the subject property from ad valorem taxes.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by Article VII, Section 18(E), of the 1974 Constitution to the Commission. Attorney General Opinion Nos. 93-392, 92-660, 89-599, 86-529, and 76-114. While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you and the Commission as to the applicable law which may be used in making individual decisions.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body, and against the taxpayer desiring the exemption. Any plausible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally, and affirmatively established. Zapata Haynie Corp. v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991), Writ Denied.
Article VII, Section 21 provides, in pertinent part, the following:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation.
* * *
 (B)(1)(a) Property owned by a nonprofit corporation or association, organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax; and
* * *
 None of the property listed in Paragraph (B) shall be exempt if owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation or association." (Emphasis added.)
Addressing the issue of exemption, this office has consistently held that in order to qualify for an exemption from ad valorem taxes under La. Const. Art. VII, Section 21(B), the property must meet all of the four basic requirements of said Article, to wit:
 1. The organization must be a non-profit corporation organized exclusively for one of the designated purposes;
 2. No part of the net earnings inure to the benefit of any stockholder of member thereof;
 3. Said non-profit corporation must be exempt from federal or state income tax;
 4. None of the property of the non-profit corporation is owned, operated, leased, or used for commercial purposes unrelated to the exempt purposes of the corporation.
These criteria have been discussed by this office within the context of housing for the poor, elderly, and handicapped on numerous occasions. We have consistently opined that should the assessing authorities (i.e., the assessor and/or the Commission) determine that a non-profit corporation's operations, with respect to the property in question, satisfy the aforementioned requirements, exemption from ad valorem taxes is appropriate. Attorney General Opinion Nos. 87-69, 82-375, 80-1488, 79-861, 79-599, 78-1522, 78-1100, 78-922, 77-1656, 77-439, and 76-114. Again, it is your responsibility as assessor, subject to review by the Commission and/or judiciary, to determine whether the necessary requirements have been met.
In making the above determination, you may examine the actual activities of the Corporation, the use of the property under consideration, and the purpose clause in the Corporation's charter.
Trusting this adequately responds to your inquiry, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb
cc: Mr. Malcolm B. Price, Jr. Chairman, La. Tax Commission
0148R